**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jaime FREGOSO–RODRIGUEZ,**
**Defendant–Appellant.**

**No. 12–50168.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Dec. 31, 2012.

Bruce R. Castetter, Assistant U.S., Fred Sheppard, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Matthew Clayton Binninger, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM **

Jaime Fregoso–Rodriguez appeals from the district court's judgment and challenges the 12–month sentence imposed upon revocation of supervised release. Fregoso–Rodriguez contends that the court procedurally erred at sentencing and imposed a substantively unreasonable sentence. We review unpreserved claims of procedural error for plain error, *see United States v. Valencia–Barragan*, 608 F.3d 1103, 1108 (9th Cir.2010), and the substantive reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Fregoso–Rodriguez contends that the district court procedurally erred by failing to appreciate its discretion under *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), to deviate from the Sentencing Guidelines based on policy grounds. The district court entertained Fregoso–Rodriguez's policy-based arguments in favor of a variance and implicitly rejected them. Absent some contrary indication in the record, we assume that district judges understand the law. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir.2008) (en banc).

Fregoso–Rodriguez also contends that the district court failed to explain the sentence sufficiently and, in particular, to respond adequately to his mitigating arguments. However, the issues at sentencing were "conceptually simple," and the record makes clear that the district judge considered the parties' arguments; no more was

required. *See Rita v. United States*, 551 U.S. 338, 359, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). There was no plain error.

Fregoso–Rodriguez finally contends that his sentence is substantively unreasonable. The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Fields's request for oral argument is denied.